# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | CASE NO. 1:12-cv-01013-LJO-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DR. J. AKANNO, M.D., et al., | (Doc. 13) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. On January 22, 2013, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a). Plaintiff seeks damages and injunctive relief for the violation of his rights under the United States Constitution.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

       **A.     Allegations**

Plaintiff, who is incarcerated at Kern Valley State Prison (KVSP), bring this actions against Dr. J. Akanno, Lab Technician Japee, and Health Care Services Chief Executive Officer L. D. Zamora for retaliation in violation of the First Amendment and denial of medical care in violation of the Eighth Amendment.

Plaintiff alleges that on July 13, 2011, he was given contaminated food at Calipatria State Prison, and he continues to suffer from health problems as a result. While still at CSP-Calipatria, a biopsy was ordered for Plaintiff. However, before it was done, he was transferred to KVSP.

On December 14, 2011, Plaintiff requested to see a doctor at KVSP because he was still sick and suffering. Plaintiff was told that he was scheduled for the biopsy within a few weeks. On

December 23, 2011, Plaintiff's stomach problems worsened and he was unable to eat without vomiting, so he was placed on dicyclomine by Dr. Chen.

On January 7, 2012, Plaintiff was transferred away from KVSP for a civil jury trial.[1] Plaintiff alleges that Defendant Akanno was once a party to the case.[2]

Plaintiff was transferred back to KVSP on February 3, 2012, still suffering from illness and stomach pain. Plaintiff was taken to the medical triage area on February 7, 2012, where he was given a GI cocktail for his stomach pain, scheduled for a follow-up with Defendant Akanno within two weeks, and returned to his housing unit.

On February 14, 2012, Defendant Akanno refused to see Plaintiff, purportedly because Plaintiff refused a blood pressure check. Plaintiff was subsequently seen by Defendant Akanno on March 28, 2012, and a blood test was ordered.

Defendant Japee drew Plaintiff's blood on April 16, 2012, but refused to label the tube, in violation of prison policy. Plaintiff alleges that a mix-up occurred as a result and he was denied medical treatment.

On April 24, 2012, Plaintiff's blood test came back negative, and on May 1, 2012, Plaintiff put in a request to see a doctor but was never summoned for an appointment.

On May 22, 2012, Plaintiff was seen by Defendant Akanno, who refused to do anything for Plaintiff and requested that Plaintiff leave his office. Plaintiff stated to Defendant Akanno that he knew there were other procedures and tests which could be run, such as the biopsy that had been ordered but never performed. Defendant Akanno did not respond to that statement but told Plaintiff that he refused medical treatment on April 24, 2012, and on May 2, 2012. Plaintiff said that the institution was on lock-down, inmates had to be escorted, and building officers would notify inmates in advance of medical escorts, but Plaintiff was never told he had medical appointments on those dates and he did not refuse the appointments.

---

[1] The Court takes judicial notice of case number 1:08-cv-01233-BTM-WMC, in which a jury trial commenced on January 9, 2012, at the federal courthouse in Sacramento.

[2] The Court takes judicial notice of the fact that Defendant Akanno was a defendant in case number 1:08-cv-01233-BTM-WMC, and prior to trial, he was granted summary judgment.

3

**B.     Claims**

  **1.     Retaliation**

Plaintiff alleges that he is being denied medical treatment in retaliation against him for litigating the suit against Defendant Akanno.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's amended complaint contains no facts supporting his conclusory claim that Defendants Akanno and Japee retaliated against him for litigating another case against Akanno. Speculative allegations do not suffice to support a claim for relief.

  **2.     Medical Care**

    **a.     Legal Standard**

The Eighth Amendment of the United States Constitution protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

4

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas, 611 at 1151-52; Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"To establish . . . [a] violation, a plaintiff must satisfy both an objective standard - that the deprivation was serious enough to constitute cruel and unusual punishment - and a subjective standard - deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). For claims arising out of medical care in prison, Plaintiff must first show the existence of an objectively serious medical need, and then show deliberate indifference to that need. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

**b.     Deficiencies**

Plaintiff may be able to amend to state a cognizable claim for denial of medical care, but at this juncture, his allegations are too conclusory to support a claim. The Constitution does not require medical staff at Kern Valley State Prison to continue with the course of treatment prescribed at Plaintiff's prior institution, and the decision to forego the biopsy is not sufficient to support a claim. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122. It appears from Plaintiff's amended complaint that he is being seen and blood tests have been ordered on more than one occasion. While Plaintiff alleges that more can and should be done for him, there is simply no sufficient factual support for a claim that Defendant Akanno is acting with deliberate indifference to Plaintiff's medical needs.

Likewise, although Plaintiff alleges that his negative blood test results are inaccurate because medical staff are mixing up the results, there is no underlying factual support for that claim, which appears to be speculative on Plaintiff's part. Further, the fact that Defendant Japee did not label Plaintiff's tube in front of Plaintiff is not sufficient to support a claim against Japee.

///

///

### 3. Claims Against Defendant Zamora

Plaintiff's claims for relief against Defendant Zamora arise out of Zamora's action in denying Plaintiff's inmate appeal at the third and final level of review in February 2012. (Amend. Comp., ¶¶46-49.) However, the existence of an inmate appeals process does not create any substantive rights and Plaintiff's disagreement with the denial of his appeal does not support a claim for relief. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Further, the involvement of appeals coordinators in reviewing a complaint of misconduct generally does not provide a basis upon which to impose liability against them because they were not involved in the underlying violation at issue. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Although Plaintiff's word choice indicates his intent to pursue claims against Defendant Zamora for retaliation and for denial of medical care, there are no facts which support either claim. Rather, the sole basis for Plaintiff's claims is his belief that his appeal was wrongfully denied and that does not suffice to support a claim under section 1983.

### 4. Conspiracy

Finally, Plaintiff alleges that officials at KVSP and CSP-Calipatria are conspiring to violate his rights. However, there are no facts supporting the existence of an agreement or a meeting of the minds to violate Plaintiff's constitutional rights, and no conspiracy claim lies against any of the named defendants. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

### III.   Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George, 507 F.3d at 607.

///

1    Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
2 what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,
3 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise
4 a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

5    Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County,
6 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference
7 to the prior or superceded pleading," Local Rule 220.

8    Accordingly, it is HEREBY ORDERED that:

9    1.   Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state
10        a claim under section 1983;

11   2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

12   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
13        second amended complaint; and

14   4.   If Plaintiff fails to file a second amended complaint in compliance with this order,
15        this action will be dismissed, with prejudice, for failure to state a claim under section
16        1983.

IT IS SO ORDERED.

**Dated:   March 6, 2013**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE