# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| DR. J. AKANNO, M. D., et al., | (Doc. 29) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

## I. Background

Plaintiff Gerald Lee Miller, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution. The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013.

On May 27, 2014, Plaintiff filed a motion seeking a preliminary injunction mandating that prison officials provide him with appropriate medical treatment for his stomach condition. Defendant filed an opposition on June 4, 2014, and Plaintiff's motion was submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

///

## II. **Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (emphasis added).

As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

## III. **Discussion**

Plaintiff previously sought preliminary injunctive relief in the form of medical care. At the time, Plaintiff was incarcerated at Calipatria State Prison, and his motion was denied for lack of jurisdiction. (Doc. 20.) In his present motion, Plaintiff states he is renewing his request for preliminary injunctive relief because he is now at California State Prison-Corcoran, which gives the Court jurisdiction over him. However, it appears that Plaintiff is confusing venue with standing and jurisdiction. *See* 28 U.S.C. § 1391(b). While venue for claims arising out of conditions of confinement at California State Prison-Corcoran is proper in this judicial district, the jurisdictional defect previously identified remains.

This action is proceeding against Defendant Akanno for the past violation Plaintiff's constitutional rights at Kern Valley State Prison; and the pendency of this case does not provide Plaintiff with standing to seek relief directed at remedying his current conditions of confinement, which are occurring at a different prison and which involve different prison employees. *Summers*, 555 U.S. at 493 (citation omitted); *Lujan*, 504 U.S. at 560-61; *Mayfield*, 599 F.3d at 969. Plaintiff's inability to meet the "irreducible constitutional minimum of standing" with respect to the relief he seeks is fatal to his motion.[1]

**IV.   Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS Plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2014**                              **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Because Plaintiff failed to meet his initial burden as the party moving for relief, the Court does not reach the arguments in Defendant's opposition.