# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL AND REQUIRING DEFENDANT TO FILE NOTICE OF REASONABLE EXPENSES INCURRED WITHIN TWENTY DAYS |
| v. | |
| DR. J. AKANNO, M. D., et al., | |
| Defendants. | (Docs. 33 and 34) |

## I. Background

Plaintiff Gerald Lee Miller, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution. The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013.

On June 20, 2014, Plaintiff filed a motion to compel a further response to his request for the production of documents. Defendant filed an opposition on June 26, 2014, and Plaintiff filed a reply on July 11, 2014. The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the motion is denied.

///

## II.     Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal.

Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). However, the Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding these procedures, pro se litigants are entitled to leniency and the Court endeavors to resolve motions to compel on the merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

## III. Discussion

### A. Motion to Compel

As an initial matter, Plaintiff served his request for the production of documents on March 6, 2014, and pursuant to the discovery and scheduling order, the deadline for Defendant to serve his response was April 24, 2014. Fed. R. Civ. P. 6(d); Doc. 27, Disc./Sched. Order. (Doc. 33, Motion, Ex. A.) Defendant timely served his response on March 21, 2014, and Plaintiff's argument that Defendant waived his objections by failing to timely respond lacks merit. Fed. R. Civ. P. 34(b)(2); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to timely object constitutes waiver of objections). (Doc. 34, Opp., Ex. 1.)

Turning to the merits, Plaintiff moves to compel a further response to PODs 3 and 5, which seek (1) "correspondence between Dr. Akanno and Dr. Alexander Shpaner, M.D. gastrointestinal specialist regarding the medical treatment of the plaintiff's [sic] dated 11-22-2011 and 10-30-12," and (2) "inmate medical services policies and procedures that govern 'esophagogastroscopy (EGD)' by the Department of Corrections Health Care Services include [sic] the Department Operations Manual." Defendant responded that he has no documents responsive to these requests. In response to Plaintiff's subsequent letter regarding the disputed documents, Defendant's counsel informed Plaintiff that there is no correspondence between Defendant and Dr. Schaefer,[1] and

---

[1] Plaintiff seeks correspondence between Defendant and Dr. Shpaner. Counsel's reference to Dr. Schaefer in the letter appears attributable to a typographical error, as Defendant's initial discovery response and his opposition correctly address his lack of correspondence with Dr. Shpaner.

3

Defendant was not able to locate any inmate services policies regarding criterion for EGD. (Opp., Exs. 1, 2.)

Plaintiff argues that he is entitled to the documents sought because they are relevant. Fed. R. Civ. P. 26(b)(1). However, Defendant did not object to the production of the documents as outside the scope of permissible discovery. *Id.* To the contrary, Defendant's position is that no responsive documents exist. Additionally, in opposition to Plaintiff's motion, Defendant represents that despite lacking an obligation to do so, he subpoenaed Plaintiff's California Department of Corrections and Rehabilitation medical records from November 1, 2011, to December 31, 2012, and provided them to Plaintiff. Defendant did not locate any correspondence between himself and Dr. Shpaner, and he denies corresponding with Dr. Shpaner. Defendant also requested any medical services policies and procedures governing EGDs, but no documents were found.

The Court finds that Defendant's response is sufficient. The Court cannot order the production of documents that do not exist, and between the discovery response, the letter to Plaintiff, and the opposition to Plaintiff's motion, Defendant has demonstrated that he made a reasonable inquiry and the documents do not exist. *Ochotorena*, 2010 WL 1035774, at *3-4.

Plaintiff's reply argument that Defendant's opposition is deficient because it lacks a supporting declaration is unavailing.[2] Defendant's response to Plaintiff's request for the production of documents was signed under penalty of perjury. (Opp., Ex. 1.) Furthermore, by virtue of signing the discovery response, Defendant's counsel certified that the response was proper under the law based upon counsel's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g), and *all* documents filed with the Court are accompanied by a similar certification, Fed. R. Civ. P. 11(b). Finally, Defendant's responses in their entirety allow the Court to conclude that there are no responsive documents, as opposed to Defendant's mere lack of possession, custody, or control over existing documents. *Ochotorena*, 2010 WL

---

[2] Plaintiff's citation to *Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D.Cal. 1994) is inapposite, as the decision in *Chism* concerned the invocation of official information privilege as a shield to disclosing documents. *See Rogers v. Giurbino*, 288 F.R.D. 469, 481 (S.D.Cal. 2012) (party withholding documents pursuant to official information privilege must submit a declaration from a department head who controls the records sought).

4

1035774, at *3-4.  Accordingly, Plaintiff is not entitled to compel either a declaration or any further response from Defendant.

### B. Reasonable Expenses Incurred in Opposing Motion to Compel

In opposing Plaintiff's motion to compel, Defendant seeks the reasonable expenses incurred in opposing the motion.  Plaintiff did not respond in his reply.

If a motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant to pay the party who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(B) (quotation marks omitted).  The Court may not order the payment of expenses if the motion was substantially justified or other circumstances make an award of expenses unjust.  *Id.* (quotation marks omitted).  Accordingly, the parties shall be heard on the issue of expenses.

## IV. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel a further response to PODs 3 and 5 is DENIED;
2. Within **twenty (20) days** from the date of service of this order, Defendant shall file a notice detailing the reasonable expenses incurred in opposing Plaintiff's motion to compel, supported by counsel's declaration;
3. Within **thirty (30) days** from the date of service of Defendant's notice, Plaintiff may file an opposition to the notice and request for reasonable expenses; and
4. Within **fifteen (15) days** from the date of service of Plaintiff's response, Defendant may file a reply.

IT IS SO ORDERED.

Dated:   **August 1, 2014**                        /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE