1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| DR. J. AKANNO, M.D., | (Doc. 42) |
| Defendant. | |

I.      **Procedural Background**

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012.  This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution.  The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013.

On August 18, 2014, Plaintiff filed a motion seeking reconsideration of the Magistrate Judge's order denying his motion to compel.  (Docs. 39, 42.)  Defendant filed an opposition on August 20, 2014, and Plaintiff filed a reply on September 5, 2014.  (Docs. 43, 45.)  The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

///

1  **II.**   **Legal Standard**

2      Reconsideration motions are committed to the discretion of the trial court.   *Rodgers v.*

3  *Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

4  441 (D.C. Cir. 1987).   A party seeking reconsideration must set forth facts or law of a strongly

5  convincing nature to induce the court to reverse a prior decision.   *See e.g., Kern-Tulare Water*

6  *Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*

7  *on other grounds*, 828 F.2d 514 (9th Cir. 1987).

8      This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

9  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

10  72(a).   As such, the court may only set aside those portions of a Magistrate Judge's order that are

11  either clearly erroneous or contrary to law.   Fed. R. Civ. P. 72(a); *see also Grimes v. City and*

12  *County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-

13  dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

14      A magistrate judge's factual findings are "clearly erroneous" when the district court is left

15  with the definite and firm conviction that a mistake has been committed.   *Security Farms v.*

16  *International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D.

17  485, 489 (C.D. Cal. 2003).   The "'clearly erroneous' standard is significantly deferential."

18  *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for*

19  *Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

20      The "contrary to law" standard allows independent, plenary review of purely legal

21  determinations by the magistrate judge.   *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd

22  Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.

23  2002).   "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law,

24  or rules of procedure."   *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

25  Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles*

26  *v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570

27  F.Supp. 202, 205 (N.D. Cal. 1983).

28

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference").   A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"   *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).   Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs."   *Hendon v. Baroya*, 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

## III.   Discussion and Order

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation. . ." of that which was already considered by the Court in rendering its decision.   *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).   As such, motions for reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same judge or a different judge to rethink a decision, and Plaintiff's disagreement with the Magistrate Judge's determination that Defendant's discovery response was legally sufficient provides no basis for reconsideration.   *Id.* The Magistrate Judge correctly determined that under the circumstances presented, Plaintiff was required to accept Defendant's response that no responsive documents exist.[1]   Fed. R. Civ. P. 26(g)(1), 34; *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010); *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).

///

---

[1] Doc. 34, Opp. to MTC, 2:10-21.

1    Moreover, Plaintiff's challenge to the Magistrate Judge's authority to rule on his discovery

2 motion is devoid of any merit.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a); Local Rule 302(c)(1),

3 (17).

4    Accordingly, based on the foregoing, Plaintiff's motion for reconsideration of the

5 Magistrate Judge's order denying his motion to compel is HEREBY DENIED, with prejudice.

6

7 IT IS SO ORDERED.

8    Dated:   **November 20, 2014**          **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28