# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERALD LEE MILLER, JR.,

Plaintiff,

v.

DR. J. AKANNO, M.D.,

Defendant.

_______________________________________/

Case No. 1:12-cv-01013-LJO-SKO (PC)

ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

(Doc. 36)

**I. <u>Background</u>**

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution.[1] The events at issue occurred at Kern Valley State Prison in Delano, California, and they arise out of Defendant's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem between February 2012 and May 2013.

Pursuant to the scheduling order filed on February 10, 2014, the deadline to amend the pleadings was August 10, 2014; and on July 28, 2014, Plaintiff filed a timely motion seeking leave to file a third amended complaint adding Dr. Julian M. Kim as a defendant. Fed. R. Civ. P.

---

[1] Plaintiff's retaliation claim and claims against Defendants Zamora and Japee were dismissed, with prejudice, for failure to state a claim. (Doc. 20.)

15(a)(2). (Docs. 27, 37.) Defendant did not file a response and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

**II. <u>Discussion and Order</u>**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff alleges that he was poisoned on July 13, 2011, at Calipatria State Prison via contaminated food, which led to continued stomach problems. (Doc. 15, 2nd Amend. Comp., ¶8.) Plaintiff was transferred to Kern Valley State Prison in late 2011 or early 2012, and his claim against Defendant Akanno arises from Akanno's treatment of his medical needs between early 2012 and mid-2013. (*Id.*, ¶¶9-25.) Plaintiff now seeks leave to amend to add a claim against Dr. Julian M. Kim arising out the medical care he received at California State Prison-Corcoran between November 2013 and May 2014. (Docs. 36, 37.)

A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). While Plaintiff's claims against Akanno and Kim relate to prison medical care concerning Plaintiff's stomach issues, the events giving rise to Plaintiff's claims against Akanno and Kim are separate and distinct, as they occurred during different time periods at different prisons. As such, the claims are not related within the meaning of Rule 20, and they may not be properly joined in this one action.

The Court may properly deny leave to amend if the proposed amendments are futile, as they are here. *E.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Accordingly, Plaintiff's motion seeking leave to amend is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 2, 2014**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE