# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND |
| v. | |
| DR. J. AKANNO, M.D., | (Doc. 57) |
| Defendant. | |

## I. Procedural History

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution. The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013.

On December 18, 2014, Plaintiff filed an objection to the Magistrate Judge's order denying his motion for leave to file a third amended complaint adding a new party.[1] Fed. R. Civ. P. 72(a); Local Rule 303(c). Defendant did not file a response. Local Rule 303(d).

---

[1] An objection to a Magistrate Judge's order brought pursuant Fed. R. Civ. P. 72(a) is treated as a motion for reconsideration. Local Rule 303(c).

## II. Legal Standard

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

### III. Discussion and Order

The Magistrate Judge denied Plaintiff's motion to amend on the ground that the claim Plaintiff sought to add against proposed-defendant Kim was not related to his claim against Defendant Akanno within the meaning of Fed. R. Civ. P. 20, and therefore, joinder of the two claims in this action is not proper. Plaintiff mischaracterizes the denial as one premised on failure to state a claim; and he argues that as a pro se litigant, he is entitled to an opportunity to amend to cure the deficiencies in his claim and the Magistrate Judge erred in "refusing" to point out the deficiencies in his claim. *E.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). (Doc. 57, p. 2.) This argument is inapposite.

///
///
///
///
///
///

Based on Plaintiff's failure to demonstrate entitlement to relief from the order denying his motion to amend, his motion for reconsideration, filed on December 18, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

    Dated: **January 15, 2015**        **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE

4