1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| DR. J. AKANNO, M.D., | (Doc. 56) |
| Defendant. | THIRTY-DAY DEADLINE TO OPPOSE NOTICE OF REASONABLE EXPENSES |
| | (Docs. 39 and 40) |
| _____/ | |

## I.     Procedural History

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012.  This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution.   The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013.

On December 18, 2014, Plaintiff filed a motion for reconsideration of the Court's order denying his motion for reconsideration of the Magistrate Judge's order (1) denying his motion to compel and (2) directing Defendant to file a notice of reasonable expenses incurred.  Fed. R. Civ.

1  P. 60(b)(6); Local Rule 230(j).  (Docs. 39, 42, 47, 56.)  Defendant did not file a response.  Local

2  Rule 230(*l*).  For the reasons which follow, Plaintiff's motion for reconsideration is denied, with

3  prejudice.

4  **II.    Legal Standard**

5        Reconsideration motions are committed to the discretion of the trial court.    *Rodgers v.*

6  *Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

7  441 (D.C. Cir. 1987).   A party seeking reconsideration must set forth facts or law of a strongly

8  convincing nature to induce the court to reverse a prior decision.  *See e.g., Kern-Tulare Water*

9  *Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*

10  *on other grounds*, 828 F.2d 514 (9th Cir. 1987).

11        This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

12  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

13  72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are

14  either clearly erroneous or contrary to law.   Fed. R. Civ. P. 72(a); *see also Grimes v. City and*

15  *County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-

16  dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

17        A magistrate judge's factual findings are "clearly erroneous" when the district court is left

18  with the definite and firm conviction that a mistake has been committed.  *Security Farms v.*

19  *International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D.

20  485, 489 (C.D. Cal. 2003).   The "'clearly erroneous' standard is significantly deferential."

21  *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for*

22  *Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

23        The "contrary to law" standard allows independent, plenary review of purely legal

24  determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd

25  Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.

26  2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law,

27  or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

28  Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles*

1 *v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570

2 F.Supp. 202, 205 (N.D. Cal. 1983).

3      "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo

4 determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

5 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court."

6 *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137,

7 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference").  A district

8 court is able to overturn a magistrate judge's ruling "'only if the district court is left with the

9 definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v.*

10 *Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy*

11 *Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Nonetheless, "[m]otions for reconsideration

12 are disfavored, however, and are not the place for parties to make new arguments not raised in

13 their original briefs."  *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing

14 *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v.*

15 *Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

16 **III.    Discussion**

17      Plaintiff's arguments lack merit.  The Magistrate Judge did not err in denying Plaintiff's

18 motion to compel and directing Defendant to file a notice of reasonable expenses incurred on

19 August 1, 2014; and the undersigned did not err in denying Plaintiff's first motion for

20 reconsideration of that order on November 20, 2014.  In light of Plaintiff's continued confusion

21 over the bases for the rulings, the Court will briefly address Plaintiff's arguments.  **However, no**

22 **further motions for reconsideration on these issues will be considered.**

23      **A.    Order Denying Motion to Compel**

24      Through discovery, Plaintiff sought (1) correspondence between Defendant Akanno and

25 Dr. Shpaner regarding Plaintiff's medical care, and (2) policies and procedures governing EGDs

26 (esophagogastroscopies).  Defendant Akanno responded that he has no documents responsive to

27 those requests, there is no correspondence between Defendant and Dr. Shpaner, and he was not

28 able to locate any policies regarding EGD criterion.  Plaintiff mischaracterizes the issue in part as

1   one concerning constructive "possession, custody, or control" over responsive documents.  Fed. R.

2   Civ. P. 34(a)(1).

3                    **1.      Correspondence Between Dr. Akanno and Dr. Shpaner**

4          Plaintiff relies on a medical report by Dr. Shpaner as evidence of correspondence between

5   Defendant Akanno and Dr. Shpaner, contradicting Defendant's representation that there was no

6   correspondence.  (Doc. 56, court record p. 23.)  However, the record at issue is Dr. Shpaner's

7   telemedicine report, and even taking into account the imprecision inherent in discovery requests

8   drafted by pro se litigants, Dr. Shpaner's report is not *correspondence* between the two doctors

9   regarding Plaintiff's care.  Relying on plain meaning in interpreting the request, Plaintiff sought

10  letters, emails, or other written communications, such as a memo, *between* the two doctors

11  regarding his medical condition.[1]  A report that is complete within itself is not correspondence

12  within the ordinary meaning of the word, and the existence of the report does not undercut

13  Defendant's response that there was no correspondence between the two regarding Plaintiff's

14  medical condition.

15                    **2.      EGD Policy**

16         Next, the existence of a document showing that Gastrointestinal/Gastroesophageal Reflux

17  Disorder (GERD) is included in the California Department of Corrections and Rehabilitation's

18  Chronic Care Program does not contradict Defendant's response that he was unable to locate a

19  policy on EGDs.  (Doc. 56, court record p. 15.)  An EGD is a medial *test*; GERD is a medical

20  *condition*.  The existence of a policy regarding chronic care conditions does not evidence the

21  existence of a policy regarding a specific medical test.  As the Magistrate Judge informed Plaintiff,

22  he is required to accept the answer that Defendant was not able to locate a policy on EGDs.

23  ///

24  ///

25  _____

[1]  Correspondence is defined as "letters sent or received," Correspondence Definition, Oxford Dictionaries,
26  http://www.oxforddictionaries.com/definition/english/correspondence, or "letters or e-mails people write to each
    other," Correspondence Definition, Merriam-Webster, http://www.merriam-webster.com/dictionary/correspondence.
27  *See U.S. v. Flores*, 729 F.3d 910, 914 (9th Cir. 2013) ("In determining the 'plain meaning' of a word, we may consult
    dictionary definitions, which we trust to capture the common contemporary understandings of the word.") (citing
28  *Transwestern Pipeline Co., LLC v. 17.19 Acres of Property Located in Maricopa Cnty.*, 627 F.3d 1268, 1270 (9th Cir.
    2010)).

**B.    Order to File Notice of Reasonable Expenses**

Finally, after denying Plaintiff's motion to compel, the Magistrate Judge directed Defendant to file a notice of reasonable expenses incurred.  Defendant complied on August 11, 2014, and Plaintiff thereafter filed his first motion for reconsideration.  (Docs. 40, 42.)  Plaintiff takes issue with that directive on the ground that the Magistrate Judge failed to make a finding he acted in bad faith.  Plaintiff again mischaracterizes the issue.

Sanctions under a court's inherent authority require a finding that the conduct at issue constituted, or was tantamount to, bad faith.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).  The award of reasonable expenses incurred, in contrast, is controlled by Federal Rule of Civil Procedure 37(a)(5)(B), which requires a court to order the moving party (Plaintiff) to pay the reasonable expenses incurred by the nonmoving party (Defendant) when a motion to compel is denied, unless the court finds the motion was substantially justified or other circumstances make the award unjust.  Plaintiff's argument regarding bad faith conduct is inapposite given that the Magistrate Judge was not considering sanctions under the court's inherent authority.

The Magistrate Judge gave Plaintiff thirty days to file an opposition to the notice of reasonable expenses incurred.  Plaintiff's opportunity to argue that his motion to compel was substantially justified or other circumstances make an award of expenses unjust was through an opposition brief.  Instead of responding, Plaintiff elected to seek reconsideration of an issue which was not final.  Given the denial of Plaintiff's motion to compel, Defendant is entitled to reasonable expenses incurred under Rule 37(a)(5)(B), unless the Magistrate Judge finds the motion was substantially justified or other circumstances make the award unjust.

**IV.    Order**

Based on the foregoing, Plaintiff's motion for reconsideration, filed on December 18, 2014, is HEREBY DENIED, with prejudice; and Plaintiff has **thirty (30) days** from the date of

///

///

service of this order within which to file an opposition to Defendant's notice of reasonable expenses.

IT IS SO ORDERED.

    Dated:   __**January 16, 2015**__                    ____**/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE

6