# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY EXPENSES INCURRED IN THE AMOUNT OF $467.50 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY |
| v. | |
| DR. J. AKANNO, M.D., | (Docs. 39, 40, and 64) |
| Defendant. | |

Plaintiff Gerald Lee Miller, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution. The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with adequate medical treatment for his stomach problem in 2012 and 2013. Jury trial is currently set for August 25, 2015.

On August 1, 2014, the Court denied Plaintiff's motion to compel and ordered Defendant to file a notice of reasonable expenses incurred in opposing the motion. Defendant filed the notice on August 11, 2014, and following the denial of Plaintiff's second motion for reconsideration on January 16, 2015, Plaintiff filed an opposition on February 17, 2015.

If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The Court has reviewed the expenses fees sought by Defendant and it finds that 2.75 hours of time at a rate of $170.00, resulting in attorney's fees of $467.50, is reasonable. Plaintiff's arguments that he should not and cannot be sanctioned in the absence of bad faith, and that the Court erred in accepting Defendant's representation that the discovery sought does not exist have previously been addressed and lack merit. (Docs. 47, 60.) Plaintiff's argument that Defendant should not be awarded expenses because opposing the motion was routine and should not have taken more than one hour also lacks merit.

Prior to filing his motion to compel, Plaintiff received a letter from Defendant's counsel explaining to him that Defendant had produced all responsive documents, there was no correspondence between Defendant and Dr. Shpaner, and Defendant was not able to locate any policies regarding EGDs (esophagogastroscopies). (Doc. 33, MTC, Ex. C, p. 18.) Based on the letter and Plaintiff's opposition arguments, the Court declines to find that the motion to compel was substantially justified or that other circumstances make an award of expenses unjust. According, Plaintiff is required to pay Defendant $467.50. Fed. R. Civ. P. 37(a)(5)(A). However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, and in response to Defendant's statement of expenses incurred, Plaintiff reasserted his in forma pauperis status. *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983). (Doc. 182, Resp. & Obj., p. 6.) Therefore, the Court HEREBY ORDERS as follows:

1. Expenses in the amount of $467.50 are assessed against Plaintiff;

2. The order assessing expenses in the amount of $467.50 is stayed; and

///

///

///

3. At any time prior to the closure of this action, Defendant may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $467.50.

IT IS SO ORDERED.

Dated: __**March 31, 2015**__          _____/s/ Sheila K. Oberto_____
                                        UNITED STATES MAGISTRATE JUDGE

3