# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SCHEDULING ORDER TO FILE MOTION FOR SUMMARY JUDGMENT, WITH PREJUDICE |
| v. | |
| DR. J. AKANNO, M.D., | |
| Defendant. | (Doc. 66) |

## I.  **Background**

Plaintiff Gerald Lee Miller, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012.  This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution.  The events at issue occurred at Kern Valley State Prison in Delano, California, and arise out of Defendant Akanno's alleged failure to provide Plaintiff with appropriate treatment for his stomach problem in 2012 and 2013.

This case is currently set for jury trial on August 25, 2015.  On April 21, 2015, Defendant filed a motion to modify the scheduling order to allow him to file a motion for summary judgment.  Fed. R. Civ. P. 16(b)(4).  Plaintiff filed an opposition on May 5, 2015.  Defendant did not file a reply, and the motion was submitted without oral argument pursuant to Local Rule 230(*l*).

///

## II. Discussion

### A. Legal Standard

"A scheduling order is not a frivolous piece of paper, idly entered. . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). Modification of the pretrial scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and it "may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

### B. No Good Cause for Modification

On February 10, 2014, the Court issued the discovery and first scheduling order, which, in relevant part, set the pretrial dispositive motion deadline for December 22, 2014. Neither party filed a motion, and on January 16, 2015, the Court issued the second scheduling order, which set this case for trial on August 25, 2015. More than three months later, Defendant filed a motion to modify the first scheduling order to allow him to file a motion for summary judgment.

Defendant states that he retained Dr. Bruce Barnett, M.D., to evaluate the case in November 2014, and he represents that Dr. Barnett's "challenging" schedule prevented Barnett from providing a report prior to December 22, 2014. (Doc. 66, Motion, 2:14-15.) Dr. Barnett subsequently provided an oral report on April 20, 2015, and Plaintiff represents that he will have his motion for summary judgment on file within ten days of an order granting his motion to modify the February 10, 2014, scheduling order.

The retention of an expert witness one month before the dispositive motion deadline and nine months after issuance of the first scheduling order is not due diligence. Moreover, Dr.

2

Barnett's busy schedule is not good cause for modification.  Finally, Defendant's motion to modify the scheduling order was untimely filed.

Whatever the merits of Defendant's motion for summary judgment might have been, the record is devoid of *any* showing of due diligence with respect to compliance with the Court's scheduling orders.  Defendant's motion to modify the first scheduling order was filed in contravention of the order, which specifically required that modification requests be filed prior to the expiration of the deadline in question.  Defendant not only violated that provision of the first order but then waited more than three months after the issuance of the second scheduling order setting the trial date to file his motion seeking a modification.

Given the absence of due diligence, Defendant fails to establish good cause to modify the scheduling order, and his motion is denied. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 607; *Sequoia Prop. v. U.S.*, 203 F.R.D. 447, 450-51 (E.D.Cal. 2001).

**III.  Order**

Based on the foregoing, Defendant's motion to modify the scheduling order is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **May 18, 2015**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE