# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, | Case No. 1:12-cv-01013-LJO-SKO (PC) |
| Plaintiff, | ORDER (1) DENYING MOTION FOR SANCTIONS, (2) AMENDING PRETRIAL ORDER DEADLINES, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |
| v. | |
| DR. J. AKANNO, M.D., | |
| Defendant. | (Docs. 72, 76, and 77) |

**I.  Background**

Plaintiff Gerald Lee Miller ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2012. This action for damages is proceeding on Plaintiff's second amended complaint against Defendant J. Akanno, M.D. ("Defendant"), for violating Plaintiff's right to medical care under the Eighth Amendment of the United States Constitution.

The telephonic trial confirmation hearing set for July 23, 2015, at 8:00 a.m. was continued to July 30, 2015, at 8:00 a.m. based on Plaintiff's failure to appear for the hearing. Both parties appeared for the hearing on July 30, 2015, and the Court addressed Defendant's motion to dismiss this action as a sanction against Plaintiff for failing to appear for the prior hearing. Also addressed were the trial date and related deadlines, and Defendant's motion in limine filed on July 24, 2015. For the reasons that follow, the Court denies the motion to dismiss, confirms this case for trial,

amends relevant deadlines set in the Pretrial Order, and grants in part and denies in part Defendant's motion in limine.

## II. Motion to Dismiss

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, *Vernon*, 255 F.3d at 1134; *Fink*, 239 F.3d at 994, but mere negligence or recklessness will not suffice, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

Based on the discussion during the hearing, at best Plaintiff failed to properly review the scheduling order issued on January 16, 2015; the minute order issued on July 8, 2015; and the prison's ducat, which accurately reflected the date, time, and location of hearing. At worst, Plaintiff intentionally failed to appear, for reasons unknown.

Extending Plaintiff the benefit of the doubt in this instance, the Court finds that Plaintiff's late appearance at the hearing scheduled for July 23, 2015, at 8:00 a.m., was due to his neglect, and the Court finds the neglect was excusable. However, Plaintiff is admonished that he is responsible for ensuring his compliance with the Court's orders, and questionable explanations for non-compliance will not be met with similar leniency in the future.

As mere negligence does not support the imposition of sanctions under the Court's inherent authority, Defendant's motion for sanctions is DENIED. *In re Lehtinen*, 564 F.3d at 1058; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989).

## III. Trial Date and Related Deadlines

Pursuant to the order issued on July 23, 2015, jury trial was advanced from August 25, 2015, to August 19, 2015, due to the press of court business. Neither party expressed willingness

to consent to Magistrate Judge jurisdiction, which would allow them to keep their original August 25, 2015, trial date.  Accordingly, this matter is confirmed for jury trial at 8:30 a.m. on August 19, 2015, before the undersigned.  <u>Both parties shall ensure they are ready to proceed on August 19, 2015, including ensuring witness availability for that date.</u>  Either side which, when asked to produce the next witness, says that the next witness has not arrived, rests.  The jury is not to be kept waiting.

Based on the new trial date, the following deadlines set in the Pretrial Order are advanced:

| | |
|---|---|
| Oppositions to Motions in Limine:[1] | 8/10/15 |
| Trial Briefs (optional): | 8/10/15 |
| Verdict Form (optional): | 8/10/15 |
| Jury Instructions (optional for Plaintiff): | 8/10/15 |
| Proposed Voir Dire (optional): | 8/10/15 |
| Statement of Case (optional): | 8/10/15 |
| Trial Exhibits Submission: | 8/10/15 |

## IV. **Defendant's Motion in Limine**

On July 24, 2015, Defendant filed a motion in limine raising six issues.  During the hearing, the Court ruled as follows.

### A. **Settlement Offers to Prove Liability**

Defendant's motion to exclude any evidence and/or mention of any settlement offers or negotiations is GRANTED.  Fed. R. Evid. 408.

### B. **Defendant's Net Worth on Punitive Damages**

Defendant's motion to exclude any evidence and/or mention of Defendant's net worth is GRANTED as to the liability phase of the trial.  Liability and punitive damages will be bifurcated.  If the jury makes the requisite findings on (1) liability and (2) motive supporting an award of punitive damages, the second phase of the trial will commence and evidence regarding net worth

---

[1] The Court ruled on Defendant's pending motion in limine during the hearing and unless Plaintiff served a motion in limine by July 28, 2015, and there was no indication he did, this deadline is moot.

will be appropriate at that time.[2]

### C. Plaintiff's Prior or Subsequent Lawsuits Against Defendant

Defendant's motion to exclude any evidence and/or mention of Plaintiff's prior lawsuits against Defendant is DENIED. Such evidence may be relevant to show motive in denying Plaintiff adequate or appropriate medical care for his condition. Fed. R. Evid. 401, 402, 404(b); *see U.S. v. Curtin*, 489 F.3d 925, 943-45 (9th Cir. 2007).

### D. Documents Not Produced in Discovery

Defendant's motion to exclude any evidence and/or mention of documents not produced in discovery is GRANTED, subject to the following qualification. If either party failed to produce documents during discovery that were in his or her possession, custody or control, those documents may not be introduced at trial. Fed. R. Civ. P. 34(b). However, based on Plaintiff's representations during the hearing, it appears that he may have later obtained documents, which he then disclosed to Defendant. A party may not be penalized for failing to produce documents that, at the time of the discovery request, were not in his possession, custody, or control; and to the extent Plaintiff supplemented his responses at the time he received the documents, he properly complied with Fed. R. Civ. P. 26(e)(1)(A); *see Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861-64 (9th Cir. 2014) (discussing Rule 26(e) supplementation requirement).

Defendant's additional objections on grounds of relevancy, hearsay, lack of authentication, lack of foundation, and/or lack of requisite expert knowledge may be raised during trial as appropriate, to allow the Court to address them in the context for which Plaintiff seeks to use them. <u>Both parties are admonished that the Court does not view with favor authentication objections to what are obviously official prison documents/records.</u> Fed. R. Evid. 901(b)(4) (documents may be authenticated by review of their contents if they appear to be sufficiently genuine); *U.S. v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (propounding party need only make a prima facie showing of authenticity).

---

[2] The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### E. Medical Complaints by Other Inmates Against Defendant

Defendant's motion to exclude any evidence and/or mention of medical complaints by other inmates against Defendant is GRANTED. Fed. R. Evid. 401, 403, 404.

///

### F. Medical Testimony by Plaintiff

Finally, Defendant's motion to exclude medical testimony by Plaintiff is GRANTED as to testimony requiring medical expertise. Fed. R. Evid. 702. However, Plaintiff is qualified to testify as to matters which would be within his common knowledge as a lay man, including those things he saw or felt. Fed. R. Evid. 601, 602, 701; *see Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal.4th 992, 1001 (Cal. 1994) *cf. United States v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2001) ("Our case law recognizes the importance of expert testimony when an issue appears to be within the parameters of a layperson's common sense, but in actuality, is beyond their knowledge.") More specific rulings as to Plaintiff's testimony cannot be made in advance of trial and in the absence of trial context; Defendant may raise any further objections at trial as appropriate.

## V. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss this action as a sanction is DENIED;
2. Jury trial is confirmed for August 19, 2015, at 8:30 a.m. and the deadlines set in the Pretrial Order are amended as set forth herein; and
3. Defendant's motions in limine are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated:  **July 30, 2015**         /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE